IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUAN ANTONIO VAZQUEZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 MOTION<br><br>WITHOUT PREJUDICE<br><br>Civil Case No. 2:08-CV-208-TC<br><br>Criminal Case No. 2:06-CR-196-TC |

This matter comes before the court on federal prisoner Juan Antonio Vazquez's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  Also before the court is the United States' Motion to Dismiss.

Mr. Vazquez was convicted and sentenced just months ago.  The court entered final judgment against him on February 19, 2008.  The next day he filed a Notice of Appeal to the Tenth Circuit Court of Appeals, and that appeal is now pending.  On March 18, 2008, he filed his § 2255 Motion.

Because Mr. Vazquez's § 2255 Motion does not present the extraordinary circumstances necessary to allow the court to consider his collateral challenge while a direct appeal is pending, the court finds that his Motion is premature and so it is DENIED WITHOUT PREJUDICE.  For the same reasons, the United States' Motion to Dismiss is GRANTED.

**BACKGROUND**

On December 4, 2007, a jury found Mr. Vazquez guilty of one count of possession with intent to distribute 500 grams or more of a mixture of substances containing methamphetamine. On February 14, 2008, the court sentenced Mr. Vazquez to 20 years of confinement followed by 10 years of supervised release.  Judgment was entered on February 19, 2008.  On February 20, 2008, Mr. Vazquez filed a Notice of Appeal with this court, indicating that he was appealing the final judgment to the United States Court of Appeals for the Tenth Circuit.

The Tenth Circuit opened the appeal on March 4, 2008, assigning it the case number 08-4044.  That appeal is pending.  According to the Docketing Statement he filed with the Tenth Circuit, he raises the following issues on appeal:

> (1) Whether the district court erred in denying defendant's motion to suppress; (2) whether the district court erred in denying defendant's motions in limine regarding admission of evidence; (3) whether the district court erred in denying defendant's motion for mistrial; (4) whether defendant's sentencing guideline range was properly calculated.

(Mar. 14, 2008 Docketing Statement in Appeal No. 08-4044 (10th Cir.).)

Two weeks later, on March 18, 2008, Mr. Vazquez filed his § 2255 Motion.  In the Motion, he lists three grounds for his collateral challenge.

First, he claims he received ineffective assistance of counsel in connection with the motion to suppress and the hearing for such motion.  He contends, among other things, that his attorney

> failed to fairly and completely argue the fact [that] I was penalized because I exercised my constitutional rights.  I was deprived of property and liberty without due process of law.  My vehicle and I were subjected to various searches by officers acting under color of state law who false created the probable cause they needed to circumvent my constitutional rights . . . .

(Motion at 5.)  Second, he claims that "the prosecutor intentionally suppressed [apparently exculpatory] evidence and allowed false testimony of his witnesses to stand uncorrected at the suppression hearing.  (Id. at 6.)  Third, he contends that he received ineffective assistance of counsel because his attorney "failed to litigate all my pre-trial issues fairly and completely." (Id. at 8.)  At the end of the Motion, he requests the following relief: "I ask for the suppression of all the evidence found in my vehicle on 3/24/06 by [law enforcement officers]."  (Id. at 14.)

## ANALYSIS

A prisoner in federal custody, who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move the court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Typically, § 2255 motions are filed after the prisoner's avenues of relief through direct appeal are no longer available.  Indeed, the general rule is that "a defendant may not simultaneously pursue direct and collateral relief."  United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006) (citing United States v. Cook, 997 F.2d 1312, 1318-19 (10th Cir. 1993)).

But, according to the Tenth Circuit, the fact that a direct appeal is pending at the time the motion is filed does not extinguish the district court's jurisdiction to review the § 2255 motion. Prows, 448 F.3d at 1228.  Nevertheless, the Tenth Circuit cautioned that although "there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, [it should] do so [only] in extraordinary circumstances given the potential for conflict with the direct appeal."  Id.  See also Rules Governing § 2255 Proceedings, Rule 5, advisory

committee note ("[T]he orderly administration of criminal law precludes considering [a Section 2255 motion during the pendency of a direct appeal] absent extraordinary circumstances.").

If the issues on appeal overlap with the issues raised in the § 2255 motion, the potential for conflict exists.  "[T]he relevant concern with dual proceedings is not one of jurisdiction, but rather one of judicial economy."  Prows, 448 F.3d at 1228 (internal citation omitted).  "To the extent that resolution of the . . . direct appeal directly implicate[s] issues contained in the § 2255 motion based upon ineffective assistance of counsel, a district court could exercise its discretion to stay the § 2255 motion."  Id. at 1229 (emphasis added).

The court finds that there is considerable overlap between the issues raised on direct appeal and the issues raised in Mr. Vazquez's § 2255 motion.  In his appeal to the Tenth Circuit, he directly challenges the court's order denying his motion to suppress the evidence obtained during the March 24, 2006 search of him and his car.  The relief he seeks in his appeal is the same relief he seeks in his § 2255 Motion.  In his appeal, he challenges the court's ruling on his motions in limine.  In his § 2255 Motion, he claims his counsel provided ineffective assistance with "all my pre-trial issues."  (Motion at 8.)

In other words, if the Tenth Circuit reverses the district court's ruling, Mr. Vazquez's § 2255 Motion will be moot.  This is a situation where the direct appeal "directly implicates" the issues Mr. Vazquez raises in his § 2255 Motion.  Consequently, the court finds that there are no extraordinary circumstances that justify consideration of his § 2255 Motion at this time.

**ORDER**

For the foregoing reasons, the court finds that Mr. Vazquez's § 2255 Motion (Dkt # 1) is

premature.  Accordingly, his motion is DENIED WITHOUT PREJUDICE.[1]  For the same

reasons, the United States' Motion to Dismiss (Dkt # 5) is GRANTED.

DATED this 27th day of March, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[1]If Mr. Vazquez re-files his motion after his direct appeal options have been exhausted, the court will consider it to be his first petition, not a successive petition.